## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FRANK D. TOATH,**
**Claimant Below, Petitioner**

**FILED**
November 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0274** (BOR Appeal No. 2046226)
                    (Claim No. 980058068)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**HEDRA Y. WHEATLEY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank D. Toath, by Steven M. Thorne, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 3, 2012, in which the Board affirmed a July 27, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 13, 2011, Order denying authorization for an exploration surgery on Mr. Toath's right wrist. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 18, 1998, Mr. Toath was working as a logger for Hedra Y. Wheatley, and allegedly sustained injuries to his right shoulder, chest, and neck when a tree fell on him. The

Office of Judges noted that the record contains no order or description of the compensable components of Mr. Toath's claim. On May 11, 2009, Mr. Toath filed an application to reopen his workers' compensation claim due to an aggravation or progression of the injuries to his right shoulder, chest, and neck. Mr. Toath requested authorization for an exploration surgery on his right wrist. On January 13, 2011, the claims administrator denied Mr. Toath's request due to insufficient evidence to justify the requested medical treatment.

The Office of Judges concluded that Mr. Toath was not entitled to authorization for an exploration surgery on his right wrist in relation to the work injury on May 18, 1998. Mr. Toath asserts that the requested medical treatment is medically related and reasonably required due to his May 18, 1998, compensable injuries. The West Virginia Office of Insurance Commissioner maintains that the record fails to articulate what treatment is being requested and how that treatment would be reasonably required to treat Mr. Toath's compensable injuries. Charleston Area Medical Center's records indicate that Mr. Toath had carpal tunnel surgery after a March 18, 1999, injury where a tree fell and injured his wrist. On June 4, 2008, an EMG and a nerve conduction study by Dr. Derakhshan found evidence of bilateral carpal tunnel compression. Mr. Toath is currently complaining of a painful hard knot at the site of the previous carpal tunnel surgery along with paraesthesia and numbness. On July 10, 2009, Dr. Fathy reported that the EMG and nerve conduction studies confirmed bilateral carpal tunnel compression and opined that the scar over the right wrist should be explored.

The Office of Judges determined that the record contained no evidence of the diagnosis that was held compensable in Mr. Toath's claim and that there was no evidence explaining how the requested treatment related to the original injury. The Office of Judges held there was insufficient evidence to prove the requested medical treatment was medically related or reasonably required to treat Mr. Toath's compensable injuries. The Board of Review reached the same reasoned conclusions in its decision of February 3, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II